# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**CURTIS ANDERSON,**                                                   **PLAINTIFF**

**V.**       **NO: 4:05CV146-MPM-EMB**

**MISSISSIPPI DEPARTMENT OF HEALTH,**       **DEFENDANT**

## REPORT AND RECOMMENDATION

Before the Court are Defendant Mississippi Department of Health's ("MDH") Motion to Dismiss [doc.12] and Memorandum in Support [doc. 13] and Plaintiff's Response [doc. 17]. The matter has been referred to the undersigned United States Magistrate Judge for issuance of a Report and Recommendation. Having fully considered the submissions of the parties and the record of this case, it is my recommendation that the Motion to Dismiss be denied.

*Rule 12(b)(2) &,(5) Lack of Jurisdiction & Insufficiency of Service of Process*

As grounds for it's motion, MDH seeks to have the Complaint dismissed for lack of jurisdiction and insufficiency of service of process for plaintiff's failure to serve the Attorney General of the State of Mississippi. The record of this case indicates that plaintiff was granted leave to proceed *in forma pauperis* by Order [doc. 8] dated September 12, 2005. That Order further directed the Clerk to issue process and required that it be served by the United States Marshal. Inasmuch as plaintiff was *pro se* at the time suit was filed and, as such, had to rely on the U.S. Marshals to effectuate proper service, the Court should not dismiss this action strictly on insufficiency of service of process and consequently lack of jurisdiction. Instead, plaintiff should be granted an opportunity to properly serve the summons and Complaint.

*Rule 12(b)(1)Eleventh Amendment Immunity*

Defendant further seeks to have the Complaint dismissed on the basis of the State of Mississippi's immunity from suit. An Eleventh Amendment sovereign immunity defense challenges a court's subject matter jurisdiction. *See Ussery v. Louisiana*, 150 F.3d 431, 434 (5th Cir.1998). A federal court does not have subject matter jurisdiction to hear claims that are barred by the Eleventh Amendment; therefore, any claims that are barred by sovereign immunity should be dismissed without prejudice. *Warnock v. Pecos County*, 88 F.3d 341, 343 (5th Cir.1996); *see also, Ramming v. United States*, 281 F.3d 158, 161 (5th Cir.2001) (dismissal for lack of subject matter jurisdiction "is not a determination of the merits and does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction").

In general, the Eleventh Amendment bars all persons from suing a state for money damages in federal court. *See* U.S. CONST. amend. IX; *Seminole Tribe v. Florida*, 517 U.S. 44, 54, 116 S.Ct. 1114, 134 L.Ed.2d 252 (1996). However, this bar is not absolute because either the state may consent to suit, or Congress may abrogate the states' Eleventh Amendment immunity. *See Port Auth. Trans-Hudson Corp. v. Feeney*, 495 U.S. 299, 304, 110 S.Ct. 1868, 109 L.Ed.2d 264 (1990).

Congress has abrogated the states' Eleventh Amendment immunity through the enactment of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq*. *See Ussery v. Louisiana*, 150 F.3d 431, 437 (5th Cir. 1998). Consequently, in this case, Defendant is not immune from plaintiff's claims brought under Title VII, and as such, its Rule 12(b)(1) Motion with respect to these claims should be denied. But, to the extent that plaintiff asserts non-Title

2

VII claims for damages against MDH, I find such claims should be dismissed for lack of subject matter jurisdiction. *United States v. Tex. Tech Univ.*, 171 F.3d 279, 285-86 n. 9 (5th Cir.1999).

Furthermore, to the extent that plaintiff is also suing for non-Title VII injunctive or declaratory relief against defendant those claims are also barred by the Eleventh Amendment since he has filed his claims against the MDH itself and not any individual officer in his or her individual capacity. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989).

*Rule 12(b)(6) 90-Day Requirement for Filing Complaint*

Finally, defendant seeks dismissal of the Complaint pursuant to FED.R.CIV.P. 12(b)(6) for plaintiff's failure to timely file the Complaint. A district court may dismiss a complaint under Rule 12(b)(6) if it appears beyond doubt that the plaintiff can prove no set of facts consistent with his factual allegations which would entitle him to the requested relief. *Manguno v. Prudential Prop. and Cas. Ins. Co.*, 276 F.3d 720, 725 (5th Cir.2002). Thus, the Court must determine whether the complaint states any valid claim for relief in the light most favorable to the plaintiff and with every doubt resolved in the plaintiff's behalf. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir.2000). The complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true. *Manguno*, 276 F.3d at 725. In addition, complaints filed by *pro se* litigants are held to less stringent standards than are formal pleadings drafted by attorneys. *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir.2002) (citing *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir.1981)). However, regardless of whether a plaintiff is represented by counsel, conclusory allegations or legal

3

conclusions set forth as factual conclusions will not prevent dismissal. *Id*.

Under Title VII, claimants have ninety days to file a civil action after receiving a right to sue notice from the EEOC. *Taylor*, 296 F.3d at 379 (citing *Nilsen v. City of Moss Point, Miss.*, 674 F.2d 379, 381 (5th Cir.1982)); *see also* 42 U.S.C. § 2000e-5(f)(1). This ninety-day limitations period is strictly construed. *Taylor*, 296 F.3d at 379 (citation omitted). "Courts within this Circuit have repeatedly dismissed cases in which the plaintiff did not file a complaint until after the ninety-day limitation period had expired." *Id.* (citing *Butler v. Orleans Parish Sch. Bd.*, (E.D.La. Sept. 25, 2001) (dismissing Title VII claims where *pro se* plaintiff filed her complaint one day beyond the 90-day period)).

Courts may presume receipt of a right-to-sue notice a short time after the EEOC mails the notice, but the presumption only applies "[w]hen the date on which a right-to-sue letter was actually received is either unknown or disputed." *See Taylor*, 296 F.3d at 379. In this case, the receipt date is neither disputed nor unknown because the Court is required to accept as true plaintiff's allegation in his Original Complaint that he received the Right to Sue Letter on March 30, 2005. *See Manguno*, 276 F.3d at 725. On the current record, the Court cannot conclude as a matter of law that plaintiff's Title VII claims are not timely; he filed this lawsuit on June 17, 2005–eleven days before the ninety-day deadline expired. *See Taylor*, 296 F.3d at 379; *see also* 42 U.S.C. § 2000e-5(f).

Based on the foregoing, it is my recommendation that defendant's motion to dismiss be denied with respect to plaintiff's Title VII claims and that plaintiff be granted additional time in which to properly serve the Complaint.

4

The parties are referred to Local Rule 72.2(D) for the applicable procedure in the event any party desires to file objections to the findings and recommendations herein contained. The parties are warned that any such objections are required to be in writing and must be filed within ten days of this date. Failure to timely file written objections to the proposed findings, conclusions and recommendations contained in this report will bar an aggrieved party, except upon grounds of plain error, from attacking on appeal unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Respectfully submitted, this the 12th day of July, 2006.

**/s/ Eugene M. Bogen**
**UNITED STATES MAGISTRATE JUDGE**